UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEN W. FOOSE,

      Petitioner,                                        3:03-cv-00245-LRH-RAM

vs.

                                                   **ORDER**

JACQUELINE CRAWFORD, *et al.*,

      Respondents.

_____/

In this habeas corpus action, Ken W. Foose, a Nevada prisoner, challenges his conviction, following a jury trial, of two counts of lewdness with a child under the age of fourteen and eight counts of sexual assault on a child under the age of fourteen.

On April 19, 2007, the Court entered an order (docket #35) denying the First Amended Petition for Writ of Habeas Corpus (docket #4). Judgment was entered the same day (docket #36).

Petitioner filed a notice of appeal on May 17, 2008 (docket #37), and an application for certificate of appealability (docket #38). On June 4, 2007, respondents filed a response to the application for certificate of appealability (docket #39).

The Court will deny the application for certificate of appealability.

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). In that case, the Court stated:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

*Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

Petitioner requests a certificate of appealability with respect to each of the eight claims that the Court ruled upon in the order entered April 19, 2007: Grounds 1, 2, 3, 4, 5, 6, 7, and 9 of the amended petition. *See* April 19 Order (docket #35); Application for Certificate of Appealability (docket #38), pp. 5-6.

In Ground 1 of his amended petition, petitioner claimed that his constitutional rights to a fair trial and due process of law were violated by the admission at trial of evidence of his prior bad acts. Petitioner did not make any showing, however, that these state-court evidence rulings violated any clearly established law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d); April 19 Order, pp. 3-4. The Court finds that there can be no reasonable debate on this issue, and,

therefore, petitioner's application for certificate of appealability will be denied with regard to this claim.

In Ground 2 of his First Amended Petition, petitioner claimed that his constitutional rights were violated because there was insufficient evidence to find him guilty. As the Court stated in the April 19 order, applying *Jackson v. Virginia*, 443 U.S. 307 (1979), "[t]he Nevada Supreme Court found ample evidence in the record demonstrating that a reasonable trier of fact could have found the essential elements of the charged crimes beyond a reasonable doubt." April 19 Order, p. 5, lines 16-18. The Court finds that jurists of reason would not find this issue debatable. Petitioner's application for certificate of appealability will be denied with regard to this claim.

In Ground 3, petitioner claimed that his constitutional rights were violated when the trial court denied his request for a psychological evaluation of the complaining witness. Here again, as with Ground 1, petitioner has not made any showing that the state-court rulings with respect to petitioner's request for a psychological evaluation violated any clearly established law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d); April 19 Order, pp. 5-6. The Court finds that there can be no reasonable debate on this issue, and, therefore, petitioner's application for certificate of appealability will be denied with regard to this claim.

In Ground 4, petitioner claimed that his constitutional rights were violated when the trial court permitted the prosecution to amend the information during trial. The amendment of the information involved a substitution of the words "living room" for the word "bedroom." *See* April 19 Order, pp. 6-7. It is beyond reasonable argument that this modification did not deprive petitioner of a meaningful opportunity to present a complete defense. *See id*. Petitioner's application for certificate of appealability will be denied with regard to this claim.

In Ground 5, petitioner claimed that his constitutional rights were violated when the trial court rejected certain jury instructions that he proposed, concerning his theory of defense. This Court ruled that the rejection of petitioner's proposed instruction did not so infect the entire trial that petitioner's conviction violates due process. *See* April 19 Order, pp. 7-8. The Court finds that its

ruling in this regard is not subject to reasonable debate. Therefore, the Court will deny the application for certificate of appealability with respect to this claim.

In Ground 6, petitioner claimed that his constitutional rights were violated when the trial court incorrectly instructed the jury regarding a unanimous verdict. The Court ruled, however, that the instruction at issue, when considered in the context of all the instructions as a whole, did not so infect the trial that petitioner's conviction was a violation of due process. *See* April 19 Order, pp. 8-9 (citing *Estelle v. McGuire*, 502 U.S. 62 (1991)). The Court finds that there can be no reasonable debate on this issue, and, therefore, petitioner's application for certificate of appealability will be denied with regard to this claim.

In Ground 7, petitioner claims that his trial counsel was ineffective in several respects. The Court ruled that petitioner had not met the standard for such claims established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See* April 19 Order, pp. 10-14. The Court did not find any of petitioner's claims of ineffective assistance of counsel to be especially strong, and, upon review of the record and review of the April 19 Order, the Court concludes that its rulings on these claims are not subject to debate by jurists of reason. Petitioner's application for a certificate of appealability will be denied with respect to the claims in Ground 7.

In Ground 9, petitioner claims that his constitutional rights were violated when the trial court failed to advise him of his right to testify at trial. (Ground 8 was dismissed in an order entered on August 5, 2004 (docket #18), and is not at placed at issue in the application for certificate of appealability.) The Court ruled in the April 19 order that petitioner did not show that clearly established law, as determined by the United States Supreme Court, requires the trial court to inform the defendant of his right to testify. *See* 28 U.S.C. § 2254(d); April 19 Order, pp. 14-15. Moreover, the Court noted that the state district court had found that counsel had informed petitioner of his right to testify. *See id*. The Court finds that its ruling on Ground 9 is not subject to reasonable debate. Therefore, the Court will deny the application for certificate of appealability with respect to this claim.

4

1 **IT IS THEREFORE ORDERED** that petitioner's Application for Certificate of
2 Appealability (docket #38) is **DENIED**.  The Court declines to issue a Certificate of Appealability.
3 **IT IS FURTHER ORDERED** that the Clerk shall process petitioner's appeal.
4 Dated this 11th day of April, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE